1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

6   LAWRENCE R. SLAUGHTER,                    Case No. 2:15-cv-00392-GMN-PAL

7                                Plaintiff,

8        v.                                    **SCREENING ORDER**

9   CAROLYN W. COLVIN, Acting Commissioner
10  of Social Security,

11                              Defendant.

12          This matter is before the Court on Plaintiff Lawrence R. Slaughter's Amended Complaint

13  (Dkt. #5).  This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)

14  and Local Rules IB 1-4 and 1-9.

15  **I.       RE-SCREENING THE AMENDED COMPLAINT**

16          After granting a litigant's request to proceed *in forma pauperis*, a district court must

17  screen the complaint and any amended complaints filed prior to a responsive pleading.  *Lopez v.*

18  *Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis

19  complaints").  For purposes of § 1915's screening requirement, a properly pled complaint must

20  therefore provide "a short and plain statement of the claim showing that the pleader is entitled to

21  relief."  Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

22  (2007).  The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil

23  Procedure applies to all civil actions, with limited exceptions.  *Alvarez v. Hill*, 518 F.3d 1152,

24  1159 (9th Cir. 2008).  Although Rule 8 does not require detailed factual allegations, it demands

25  "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of

26  action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint "must

27  contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

28  party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).   The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *N. Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether a plaintiff has stated a valid claim, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

Plaintiff's Complaint challenges a decision by the Social Security Administration ("SSA") denying Plaintiff benefits under Titles II and XVI of the Social Security Act.  *See also* Am. Compl. ¶ 3.  To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See Starr*, 652 F.3d at 1216. To do so, the complaint should state when and how he exhausted his administrative remedies with the SSA and the nature of Plaintiff's disability, including when Plaintiff claims he became disabled.  The complaint should also contain a short and concise statement identifying the nature of Plaintiff's disagreement with the SSA's determination and show that Plaintiff is entitled to relief.  Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint.  *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

### A.      Exhaustion of Administrative Remedies

Before Plaintiff can sue the SSA in federal court, Plaintiff must exhaust administrative remedies.  42 U.S.C. § 405(g).  *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim").  Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision.  If the claim is denied upon reconsideration, a claimant

may request a hearing before an Administrative Law Judge ("ALJ").  If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council.  If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court.  *See* 20 C.F.R. §§ 404, 416.  In this case, Plaintiff alleges that on January 15, 2015, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.  *See* Am. Compl. ¶ 8.  Thus, it appears Plaintiff has his exhausted administrative remedies.

Once Plaintiff has exhausted his administrative remedies, Plaintiff can obtain review of an SSA decision denying benefits by commencing a civil action within 60 days after notice of a final decision.  *See* 20 C.F.R. §§ 404, 416.  An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which the Plaintiff resides.  *Id.*  Here, the Application to Proceed *In Forma Pauperis* (Dkt. #1), filed March 4, 2015, demonstrates that Plaintiff timely commenced this action and the Amended Complaint (Dkt. #5) shows that he resides within the District of Nevada.  *See* Am. Compl. ¶ 1.

**B.     The Nature of Plaintiff's Disability and Grounds for Plaintiff's Appeal**

Plaintiff's Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the Court reverse that decision, or alternatively, remand this matter for a new hearing.  A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action.  However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied.  *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In his Amended Complaint, Plaintiff claims that the ALJ found him to "have the severe impairments of back disorder and compression history of Paget's disease; diabetes mellitus; hypertension; gout; history of left carpal tunnel release with no residuals; and obesity."  *See* Am. Compl. (Dkt. #5) at ¶ 9(d).  Plaintiff contends there is not substantial medical or vocational evidence in the record to support: (a) the legal conclusion he is not disabled within the meaning

of the Social Security Act; or (b) the Commissioner's finding that Plaintiff could perform substantial gainful activity. *Id*. ¶ 9.  Plaintiff asserts that the record supports a finding that Plaintiff is disabled and has been continuously disabled at all relevant times. *Id*. ¶ 9(c).  Finally, Plaintiff alleges new evidence exists that warrants a remand of this matter for further proceedings. *Id*. ¶ 9(h).  Plaintiff's Amended Complaint has sufficiently pled facts to describe plaintiff's disability and grounds for challenging the ALJ's decision, and therefore states a valid claim for relief.

Accordingly,

**IT IS ORDERED** that:

1. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Amended Complaint to the U.S. Marshal for service.

2. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105–1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

3. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

/ / /

4.  Following the filing of an answer, the Court will issue a scheduling order setting a briefing schedule.

Dated this 9th day of October, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE